UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-01193-RLY-DLP |
| | ) | |
| MICHAEL MALONEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
and DEFENDANT'S CROSS MOTION TO ENFORCE RULE 68 OFFER OF
JUDGMENT AND FOR LEAVE TO FILE DEFENDANT'S BILL OF COSTS**

On June 11, 2019, the court entered judgment in favor of Plaintiff, Richard N. Bell, in this copyright infringement action and found Bell was entitled to $200 in statutory damages and the costs of this action. Bell now seeks his attorney's fees of $33,536.25 and costs of $4,719.80. Maloney cross-moves for leave to file a Bill of Costs totaling $2,183.77 and to enforce the Rule 68 offer. The court finds, for the reasons explained below, that the Offer of Judgment should be enforced and that Maloney is entitled to the costs he incurred after the Offer was rejected.

**I.    Background**

On May 10, 2016, prior to filing the present action, Bell sent Maloney a demand letter for the sum of $5,000. (Filing No. 95-3). The demand letter was couched as a settlement offer for Maloney's copyright infringement of a photograph of the Indianapolis skyline taken by Bell. (*Id.*). Maloney did not accept Bell's offer.

1

On May 12, 2016, Bell filed a Complaint for copyright infringement against Maloney in this court. Maloney filed his Answer, following the grant of an extension of time, on August 10, 2016.

On August 15, 2016, Maloney sent Bell an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. (Filing No. 95-1, Offer of Judgment). The Offer allowed Bell to take judgment against Maloney in a single lump-sum payment of $2,500 for "all claims for relief," which expressly included "all attorney fees and costs." (*Id.*). Later that day, Bell rejected the Offer. (Filing No. 95-2, Email).

Following Bell's rejection of the Offer, the parties engaged in discovery and filed cross-motions for summary judgment. On July 18, 2017, the court denied the parties' cross-motions, finding issues of material fact that needed to be resolved at trial. (Filing No. 55, Entry). After a one-day bench trial on July 24, 2018, the court found Bell was the prevailing party and awarded him $200 in statutory damages. (Filing No. 86, Findings of Fact & Conclusions of Law at 21). His request for an injunction was denied. (*Id.*). On June 24, 2019, Bell filed his motion for fees and costs.

**II.    Discussion**

A prevailing party is normally entitled to costs pursuant to Federal Rule of Civil Procedure 54(d); that rule, however, is "qualified by operation of Fed. R. Civ. P. 68." *Payne v. Milwaukee Cty.*, 288 F.3d 1021, 1024 (7th Cir. 2002). "Rule 68 is designed to provide a disincentive for plaintiffs from continuing to litigate a case after being presented with a reasonable offer." *Id.*

The part of Rule 68 at issue is the cost-shifting provision affecting a plaintiff who rejects a good faith offer which is more favorable than the judgment obtained:

> If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(d).  "[W]here the underlying statute defines 'costs' to include attorney's fees, such fees are to be included as costs for purposes of Rule 68." *Marek v. Chesny*, 473 U.S. 1, 2 (1985).  The statute under which Bell seeks attorney's fees, 17 U.S.C. § 505, is such a statute.  *See* 17 U.S.C. § 505 ("[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

Bell's rejection of Maloney's Offer of Judgment requires the court to determine whether the "judgment finally obtained" was less favorable than his $2,500 offer, inclusive of costs and attorney's fees.  Fed. R. Civ. P. 68(d).  The "judgment finally obtained" includes the damages the court awarded Bell and the attorney's fees and costs that he accrued *before* the offer was made.  *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993) (holding "the judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer"); *Lawrence v. City of Philadelphia*, 700 F.Supp. 832, 836 (E.D. Pa. 1988) (stating that "[i]n determining whether the result is more favorable to the plaintiff than the offer he rejected, the attorney's fees and costs that accrued before the offer must be added to the judgment").

Bell's attorney's fees incurred prior to the Offer date (August 15, 2016) were for 1.6 hours of work at $225/hour, which totals $360.00.  (*See* Filing No. 90-1 at 4, Ms.

3

Kennedy's timesheet). The costs incurred prior to the Offer date are the filing fee of $400.00 and service fee of $17.50. (*See* Filing No. 89, Bill of Costs). The transcript fees of $1,440.78, the copying costs of $670.00, and the "other cost" item of $2,191.42, came after the Offer date and are not allowed. (*See id.*). Therefore, the "judgment finally obtained" equals the sum of $400.00 + 17.50 + $360.00 + $200 (damages), or $977.50. This is far less than Maloney's $2,500.00 Offer. Therefore, pursuant to the plain language of Rule 68(d), Maloney, as the Offeree, is entitled to the costs he incurred after the Offer date.

Maloney filed a Bill of Costs on the same day he filed his Cross Motion to Enforce Rule 68 Offer and for Leave to File Bill of Costs. (*See* Filing Nos. 93, 94). Because Maloney is entitled to his post-Offer costs, the court will accept the filing and determine whether the costs he seeks are allowed under Rule 54(d) and 28 U.S.C. § 1920. Maloney's Bill of Costs seeks $1,484.30 for transcript fees, $147.24 for witness fees, $527.23 for copying costs, and $25.00 for parking fees on the day of the trial. Maloney's costs totaling $2,183.77, are reasonable, appropriate under federal law. Maloney is entitled to those costs.

### III. Conclusion

Bell took a risk when he rejected Maloney's Offer of Judgment and lost. He must now bear the consequences of his decision and pay Maloney his post-Offer costs. Accordingly, the court **DENIES** Bell's Motion for Attorney's Fees and Costs (Filing No. 90) and **GRANTS** Maloney's Cross-Motion to Enforce Rule 68 Offer of Judgment and

for Leave to File his Bill of Costs (Filing No. 94). Having reviewed Maloney's previously filed Bill of Costs, Bell is taxed $1,206.27 in costs as follows:

| | |
|---|---|
| Allowable Post-Offer Costs to Maloney: | $2,183.77 |
| Damages & Pre-Offer Costs and Attorney's Fees to Bell: | $   977.50 |
| **Net Costs Payable by Bell to Maloney:** | **$1,206.27** |

**SO ORDERED** this 10th day of October 2019.

                                          RICHARD L. YOUNG, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.